UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE AND AEROSPACE AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW and ITS LOCAL 637 and GABE GOMEZ, RODNEY L. JENSEN, MARK SOKOLOWSKI and JAMES TANGNEY, as individuals, on behalf of themselves and all persons similarly situated and<br><br>BRAD CHURCH, JOHN HELSEN, DAVE HOFFMAN, GRANT HUDSON, GARRY JOHNSON, JEFF KENNY, BRIAN KUER, STEVE LORENZ, JOHN MCKINNON, ROGER SEGELSTROM, ALEC SCHULTZ, STEVE SOHASKY, JAMES START, MARK STORCH, RUSSELL WARREN, and JIM HUFFMAN.<br><br>        Plaintiffs,<br><br>v<br><br>MAHLE ENGINE COMPONENTS USA, INC.,<br><br>        Defendant. | Honorable Janet T. Neff<br><br>Case No.: 1:11-cv-463 |

## AMENDED CLASS ACTION COMPLAINT

### FIRST AMENDED COMPLAINT

NOW COMES the International Union, United Automobile and Aerospace Agricultural Implement Workers of America, UAW and Its Local 637 (sometimes

1

hereafter collectively referred to as "the UAW" or "Union"), and Gabe Gomez, Rodney L. Jensen, Mark Sokolowski and James Tangney (hereinafter sometimes referred to as "Class Plaintiffs"), on behalf of themselves and all persons of the Class hereinafter described, and Brad Church, John Helsen, Dave Hoffman, Grant Hudson, Garry Johnson, Jeff Kenny, Brian Kuer, Steve Lorenz, John McKinnon, Roger Segelstrom, Alec Schultz, Steve Sohasky, James Start, Mark Storch, Russell Warren, and Jim Huffman, by their attorneys, PINSKY, SMITH, FAYETTE & KENNEDY, LLP, and complain against Defendant Mahle Engine Components USA, Inc. (hereinafter "Mahle" or "Defendant" or collectively with its predecessors at the Muskegon piston ring facility located at 2001 Sanford and 2051 South Harvey, Muskegon, Michigan, Dana Corporation and SPX Corporation, "Employer"), state as follows:

## NATURE OF ACTION, JURISDICTION AND VENUE

1. This First Amended Complaint is brought as a class action by Class Plaintiffs Gabe Gomez, Rodney L. Jensen, Mark Sokolowski and James Tangney, and all others similarly situated pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure, and by the UAW and Its Local 637. In the alternative, this complaint is brought on behalf of all Plaintiffs listed in the caption.

    (a) Count I is brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 USC § 185, and seeks damages for breach of collectively bargained agreements, as well as declaratory and injunctive relief.

2

(b) Count II is brought under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 USC § 1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to future benefits due under a pension benefit plan.

2. This Court has jurisdiction over Count I under Section 301 of the LMRA, 29 USC § 185(c). This Court has jurisdiction over Count II under Section 502(a)(1)(B), 502(a)(3), 502(e)(1) and 502(f) of the Employee Retirement Income Security Act ("ERISA"), 29 USC § 1132(a)(1)(B), § 1132(a)(3), § 1132(e)(1) and § 1132(f), and applicable common Federal law. Venue in this judicial district is proper under Section 301(a) of LMRA, 29 USC § 185(a) and Sections 502(e)(2) and 502(f) of ERISA, 29 USC § 1132(e)(2) and § 1132(f).

## PARTIES

3. Named Plaintiff Gabe Gomez resides at 5177 N. Benson Road, Village of Fountain, Mason County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

4. Named Plaintiff Rodney L. Jensen resides at 1148 N. Creekview Lane, Village of Hesperia, Newaygo County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

5. Named Plaintiff Mark Sokolowski resides at 6815 Parkway Road, City of Twin Lake, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

6. Named Plaintiff James Tangney resides at 1719 Prince Lane, City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

7. Plaintiff UAW is a labor organization which, with Its Local 637, represented production and maintenance employees in a bargaining unit at the Employer's Muskegon, Michigan piston ring facility. The UAW's Regional Office is located at 3300 Leonard NW, Grand Rapids, Kent County, Michigan.

8. Named Plaintiff Brad Church resides at 6926 West 24th, Fremont, Newaygo County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

9. Named Plaintiff John Helsen resides at 4500 Sullivan Road, Ravenna, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

10. Named Plaintiff Dave Hoffman resides at 6315 Automobile St., Twin Lake, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

11. Named Plaintiff Grant Hudson resides at 108 M. Brooks Road, City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

12. Named Plaintiff Garry Johnson resides at 4240 S. Maple Island Road, Ravenna, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

4

13. Named Plaintiff Jeff Kenny resides 2946 Brookmere St., City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

14. Named Plaintiff Brian Keur resides at 353 Mill Inc, City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

15. Named Plaintiff Steve Lorenz resides at 7138 S. 104th Avenue, Rothbury, Oceana County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

16. Named Plaintiff John McKinnon resides at 2344 N. Maple Island Road, City of Hesperia, Oceana County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

17. Named Plaintiff Roger Segelstrom resides at 3344 Hall Road, City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

18. Named Plaintiff Alec Schultz resides at 4973 S. Moorland Road, Ravenna, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

19. Named Plaintiff Steve Sohasky resides at 2085 Lake Avenue, Twin Lake, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

20. Named Plaintiff James Start resides at 5502 S. Carr, City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

21. Named Plaintiff Mark Storch resides at 2106 Oak Street, N. Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

22. Named Plaintiff Russell Warren resides at 1308 Leonard Avenue, City of Muskegon, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

23. Named Plaintiff Jim Huffman resides at 3008 Farn Road, Fruitport, Muskegon County, Michigan. He was employed by the Employer and was a member of the bargaining unit represented by the UAW.

24. Employer, including Defendant Mahle, and was, at all relevant times, the employer of the named Plaintiffs, and operated a piston ring facility in Muskegon, Michigan, within this judicial district, in which the Class Plaintiffs, and all individual Plaintiffs, were employed by the Employer and at which Plaintiff UAW bargained a series of collectively bargained agreements with the Employer covering the terms and conditions of employment of the Class Plaintiffs, including benefits due under a pension benefit plan.

## **CLASS ACTION ALLEGATIONS**

25. The named Class Plaintiffs bring a class action on behalf of themselves and the class of all other former bargaining unit employees of Employer who retired or

6

are eligible to retire from Employer because their rights under the collectively bargained agreements negotiated with the UAW and pension benefit plan established and maintained by Employer have been breached by Defendant.

26. All members of the Class represented by named Plaintiffs are retired employees or employees eligible to retire from Employer and are members or former members of the UAW and Its Local 637 or are surviving spouses of said employees.

27. The exact number of the members of the Class identified in paragraphs 25 and 26 above is not known but it is estimated that there are more than 20 members. The numbers of the class are so numerous that joinder of individual members herein may be impracticable.

28. The questions of law and fact in the action that relate to and affect the rights of each member of the Class and the relief sought is common to the entire Class, as set forth below in Counts I and II.

29. The claims of the named Class Plaintiffs, who are representatives of the Class herein, are typical of the claims of the Class they represent. The claims of all members of the Class, including named Class Plaintiffs, depend upon a showing of the same acts and omissions of Defendant which gave rise to the right of the Class of plaintiffs to the relief sought herein. There is no conflict between any named Plaintiff and other members of the Class represented with respect to this action, or with respect to the claims for relief herein set forth.

30. The named Class Plaintiffs are the representative parties for the Class, and are able to, and will, fairly and adequately protect the interests of the class. The

attorneys for Plaintiffs are experienced and capable in the field of labor law and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, Michael L. Fayette will actively conduct and be responsible for Plaintiffs' case herein.

31. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendant.

32. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

## **COMMON FACTUAL ALLEGATIONS**

33. Employer, first through SPX Corporation, and later through Dana Corporation and Mahle, owned and operated a plant in Muskegon, Michigan, where the named Class Plaintiffs and other bargaining unit employees worked, and where the UAW represented the production and maintenance employees in an appropriate bargaining unit.

34. Employer and the UAW were, at all times relevant, parties to or the successor in liability to a series of collectively bargained agreements covering employees of the Employer in the bargaining unit represented by the UAW.

35. Employer maintains pension benefit plans, the terms of which were negotiated in the series of collectively bargained agreements.

## PURCHASE BY DANA

36. In 1996, Dana Corporation, purchased the Muskegon piston ring facility from SPX Corporation. As part of Dana's purchase of the facility, it entered into a collectively bargained agreement dated December 19, 1996, with the UAW ("1996 Dana Assumption Agreement"), a copy of which is attached as Exhibit 1.

37. Paragraph III of the 1996 Dana Assumption Agreement deals with the pension benefit plan. It provides: "Group Insurance, SUB and the Pension Plan will continue with the current eligibility requirements and benefit levels. Additionally, all scheduled benefit level changes, if any, will be effective as proscribed by the above-referenced plans. The liability for such benefits or portions thereof will be the responsibility of Predecessor [SPX Corporation] and/or Dana Corporation as determined by the provisions of the Sales Agreement by and between Dana Corporation and Sealed Power Technologies, L.P., which includes the Muskegon Operations. However, <u>in no event will such allocation of liability result in a curtailment or reduction of benefits</u> as proscribed by the Collective Bargaining Agreement or its Supplements." (Emphasis supplied).

38. As a result of the 1996 Dana Assumption Agreement, Dana Corporation was to establish a pension benefit plan ("Dana Pension Plan") that provided benefits that would protect the participants from any curtailment or reduction of benefits as a result of the allocation of liability with SPX.

## PURCHASE BY MAHLE

39. Mahle purchased the aforementioned Muskegon piston ring facility from Dana pursuant to a Stock and Asset Purchase Agreement ("2006 Mahle SAPA") dated December 1, 2006, and which was approved by the United States Bankruptcy Court for the Seventh District of New York, Case Number 06-10354, on or about February 23, 2007.

40. Pursuant to Sections 1.5(e) and 10.1(c) of the 2006 SAPA, Mahle assumed all obligations arising out of the collectively bargained agreements between SPX/Dana and the UAW.

41. Pursuant to Sections 1.5(g) and 10.3(a) of the 2006 SAPA, Mahle assumed all obligations arising under the Dana Pension Plan for UAW-represented employees at the Muskegon piston ring facility.

42. UAW and Dana entered into a collective bargaining agreement on July 16, 2004, with supplements, ("2004 Collective Bargaining Agreement"), which was still in effect at the time of the 2006 Mahle SAPA.

43. Article 43 of the July 16, 2004, collective bargaining agreement between Dana and the UAW provides: "Any former Agreements between the parties which conflict with or are inconsistent with the Agreement are nullified by the Agreement."

44. Paragraph III of the 1996 Dana Assumption Agreement does not conflict with and is not inconsistent with the 2004 Collective Bargaining Agreement.

45. On March 9, 2007, Mahle executed an assumption agreement with the UAW concerning the 2004 Collective Bargaining Agreement between Dana and the UAW (hereinafter "2007 Mahle Assumption Agreement"). A copy of the 2007 Mahle Assumption Agreement is attached hereto as Exhibit 2.

46. Paragraph 1 of the 2007 Mahle Assumption Agreement provides: "1. MAHLE will assume the terms and conditions of the present Collective Bargaining Agreement Memorandum of Agreement and Addendum between the parties mentioned above . . . ."

47. Paragraph 4 of the 2007 Mahle Assumption Agreement provides: "If the parties determine that there are other Articles or paragraphs of the Master Agreement that are unique to the Dana Corporation-UAW relationship, such Articles or paragraphs shall not be assumed by Mahle."

48. There has been no determination by the UAW and Mahle that Mahle did not assume the obligations contained in the 1996 Dana Assumption Agreement.

## THE PENSION BENEFITS AT ISSUE

49. The pension benefit plans in place as of the 1996 Dana Assumption Agreement provided the following benefits: (1) an unreduced monthly pension upon completion of 30 years of service at the facility, (2) a slightly reduced monthly pension upon acquisition of 85 points (a combination of years of service at the facility and age), and (3) a supplemental benefit providing $550 per month for each retiree under the age of 62, which is paid only until such time as the retiree reaches age 62.

50. SPX and Dana each agreed, for purposes of pension benefits, that each employee would be credited with service from both Dana and SPX for determining eligibility for 30 and out retirement, 85 point retirement, and the supplemental benefit plan.

51. As noted above, under the 1996 Dana Assumption Agreement, Dana Corporation was to establish a pension benefit plan ("Dana Plan") that protected the participants from any curtailment or reduction of benefits as a result of the allocation of liability with SPX.

52. As a result of this allocation, ratios were established for each employee who retired with one or more of the benefits listed in paragraph 33 above. The ratio was established by taking the total years of service at the facility and dividing that by the number of years the facility was owned during that service by SPX and the number of years that facility was owned by Dana. The ratio was used to allocate liability between SPX and Dana for the monthly pension benefit payments made to retirees who retired after Dana's purchase from SPX.

53. SPX alleges it is not required to now give Class members service credit toward the above-mentioned benefits for service rendered to Defendant Mahle after Mahles' purchase of the facility in 2007 from Dana.

54. SPX's failure to give Class members credit toward the above-mentioned benefits for service rendered to Mahle has resulted in a "curtailment or reduction of benefits" for the individual Plaintiffs and members of the Class.

55. Such a curtailment or reduction of benefits violates Paragraph III of the 1996 Dana Assumption Agreement.

56. As a result of the 2006 SAPA and the 2007 Mahle Assumption Agreement, Defendant Mahle has assumed all of Dana's collectively bargained obligations, as well as all liabilities relating to pension benefit plan coverage for members of the Class set forth above.

57. Mahle and Dana have failed to protect the 30 and out retirement, 85 point retirement and supplemental pension benefits for those who retired or were eligible to retire after Mahle's purchase from Dana, as required by the 1996 Dana Assumption Agreement. Those benefits were to be based on service and credits accumulated under SPX, Dana and Mahle, as agreed to under the 2006 SAPA, 1996 Dana Assumption Agreement, 2007 Mahle Assumption Agreement, and other collectively bargained agreements and obligations of Dana that Mahle assumed as a result of its purchase of the facility from Dana Corporation.

58. There is no agreement between the UAW and Mahle releasing Mahle from any of the collectively bargained agreements, and specifically the 1996 Dana Assumption Agreement.

## COUNT I.

### Action Under Section 301 of the LMRA

59. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 as though fully set forth herein.

60. Defendant was at all times relevant an "Employer" within the meaning of Section 301(2) of the Labor Management Relations Act ("LMRA"), 29 USC § 152(2).

61. The UAW is a voluntary unincorporated labor organization, within the meaning of Section 301(5) of LMRA, 29 USC § 152(5), with offices in this judicial district located at 3300 Leonard NE, Grand Rapids, Kent County, Michigan. It represented certain employees of the Employer at the piston ring facility in Muskegon, Michigan, and together with Its Local 637, was the co-collective bargaining representative of the bargaining unit in which members of the Class were employed by Defendant and Employer until Mahle closed the plant in 2008.

62. The named individual Class Plaintiffs and the Class of the individuals they represent are entitled to receive the negotiated benefits at issue as referred to above, since they fully performed all of the services and satisfied all of the conditions required to entitle them to said pension benefit plan.

63. Because Mahle is responsible for providing the benefits set forth in the above-mentioned employee pension benefit plans, its failure to provide pension benefits that give full credit for service under Mahle's predecessors violates Section 301 of the LMRA, 29 USC § 185.

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

    A.    Declaratory judgment that Defendant is contractually obligated to provide the Plaintiffs, and the Class of plaintiffs they represent, the benefits of said pension benefit plan negotiated by and between Employer and the UAW and Its Local 637;

    B.    Preliminary and injunctive relief requiring Defendant to reinstate and provide the benefits required by the pension benefit plan to the Plaintiffs and the Class of plaintiffs they represent;

    C.    Judgment against Defendant in an amount equal to all of the costs and expenses sustained by all Plaintiffs as a result of Defendant's failure to provide said benefits;

    D.    Reasonable attorney's fees and costs of the suit; and

    E.    Such further relief as may be deemed necessary and proper.

## COUNT II.

### Action Under Section 502(a)(1)(B) of ERISA

64. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 as though fully set forth herein.

65. Defendant was at all times an "Employer" within the meaning of the Employee Retiree Income Security Act ("ERISA"), 29 USC § 1002(5).

66. Defendant and its predecessor, assumed, established and maintained pension benefit plans pursuant to collectively bargained agreements between said Employer and the UAW and Its Local 637, for the purpose of providing certain pension benefits to retired employees of said Defendant and the surviving spouses of said retirees. Said pension benefit plans are "employee pension benefit plans" within the meaning of ERISA, 29 USC § 1002(2).

67. Defendant is the "Plan Sponsor" and/or "Administrator" of the aforesaid pension benefit plans within the meaning of ERISA, 29 USC § 1002(16)(A) – (B).

68. The individual Plaintiffs and each member of the Class of Plaintiffs represented by the named Plaintiffs is a "participant" and "beneficiary" in the aforesaid pension benefit plans, within the meaning of ERISA, 29 USC § 1002(7) and (8). Under the terms of the pension benefit plans, Defendant promised to provide employees with certain benefits for life.

69. The individual Plaintiffs, and the Class of retirees they represent, retired or are eligible to retire and continue to be entitled to receive the benefits of the pension

benefit plans since they have fully performed the services and satisfied all of the conditions required to entitle them to these benefits under the terms of the plans.

70. Defendant has breached and will continue to breach the terms of said pension benefit plans. Such breaches also constitute violations of Section 204(g) and 502, among others, of ERISA, 29 USC § 1054(g) and § 1132. Thus, the individual Plaintiffs and the Class Plaintiffs may bring a suit under Section 502(a)(1)(B) of ERISA, 29 USC § 1132(a)(1)(B).

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

- A. Declaratory judgment that Defendant is contractually obligated to provide the individual Plaintiffs and Class Plaintiffs, and the Class of plaintiffs they represent, the benefit of said pension benefit plan negotiated by and between Employer and the UAW and Its Local 637;

- B. Preliminary and injunctive relief requiring Defendant to reinstate and provide the benefits required by the pension benefit plan to the individual Plaintiffs and Class Plaintiffs and the Class of plaintiffs they represent;

- C. Judgment against Defendant in an amount equal to all of the losses and expenses sustained by all Plaintiffs as a result of Defendant's failure to provide said benefits;

- D. Reasonable attorney's fees and costs of the suit; and

E.   Such further relief as may be deemed necessary and proper.


                                    PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                    Attorneys for the Plaintiffs

Dated: August 1, 2011               By /s/ *Michael L. Fayette*
                                       Michael L. Fayette (P26107)
                                       146 Monroe Center NW, Suite 805
                                       Grand Rapids, MI 49503
                                       (616) 451-8496